In the Matter of DAVID M. KENNEDY, Appellant, v. BOARD OF COMMISSIONERS OF PILOTS OF THE STATE OF NEW YORK, Respondent.

In the Matter of SVERRE SORENSON, Appellant, v. BOARD OF COMMISSIONERS OF PILOTS OF THE STATE OF NEW YORK, Respondent.

In the Matter of ROBERT E. CHRISTOPHER, Appellant, v. BOARD OF COMMISSIONERS OF PILOTS OF THE STATE OF NEW YORK, Respondent.

In the Matter of KARL SANDSTROM, Appellant, v. BOARD OF COMMISSIONERS OF PILOTS OF THE STATE OF NEW YORK, Respondent.

In the Matter of WILLIAM F. SMITH, Appellant, v. BOARD OF COMMISSIONERS OF PILOTS OF THE STATE OF NEW YORK, Respondent.

In the Matter of ALVIN L. THOMPSON, Appellant, v. BOARD OF COMMISSIONERS OF PILOTS OF THE STATE OF NEW YORK, Respondent.

First Department, March 13, 1973.

*Albert Robin* of counsel (*Watson Leavenworth Kelton & Taggart,* attorneys), for appellants.

*Donald M. Waésche, Jr.,* of counsel (*Bigham Englar Jones & Houston,* attorneys), for respondent.

NUNEZ, J. P. Petitioners-appellants commenced these companion article 78 proceedings against the Board of Commissioners of Pilots of the State of New York, respondent herein, praying that the court order respondent to grant licenses to said petitioners as New York State pilots for the New York waters of Long Island and Block Island Sounds. Special Term denied the petitions and dismissed the proceedings. Since January 1, 1972, all foreign flag vessels and all United States vessels under register transiting the New York State waters of Long Island and Block Island Sounds, have been required to take on board a pilot licensed by the respondent. (Navigation Law, § 89-b; L. 1971, ch. 942.) Petitioners were Federally licensed pilots who, on January 1, 1972, and for many years prior thereto were actively engaged, as a regular occupation, in piloting vessels in waters which included the New York State waters of Long Island and Block Island Sounds. Apparently in recognition of the fact that it would be inequitable to deprive the Federal pilots of the right to continue to earn their livelihood in the pertinent State waters, the Legislature enacted a grandfather clause. This clause, subdivision 2 of section 91-b (L. 1971, ch. 942) states: " Upon the taking effect of this chapter, all pilots who are then, and have been for the two years immediately prior thereto, actively engaged, as a regular occupation, in piloting seagoing vessels through the waters specified in this chapter shall, upon application, be licensed as full branch Long Island-Block Island Sound pilots for the waters covered by this chapter if found by the commissioners to be qualified in accordance with their regulations in effect on March seventeenth, nineteen hundred seventy-one, except that any person who is found to be so qualified who has reached his sixtieth birthday prior to the effective

date of this act shall be eligible to renew his license until age seventy.''

.Each of the petitioners sought and was denied a license under this section. Respondent, before considering petitioners' applications for licenses, sought to determine the number of pilots needed to serve the vessels navigating the waters under consideration. However, the grandfather clause clearly requires respondent to license *all* pilots who qualify thereunder, without numerical limitation. Since the Legislature has not given respondent any discretion as to the number of pilots which must be licensed under that clause, there can be no justification for respondent's consideration of numbers. (See *Small* v. *Moss*, 279 N. Y. 288.) It appears fairly clear that respondent's refusal to license petitioners was occasioned in part, if not in whole, by its failure to recognize its obligation to license all pilots who qualified under the grandfather clause.

Clearly, the grandfather clause was not intended to cover those working only occasionally as pilots or only occasionally in Long Island or Block Island Sounds. However, petitioners have worked full time for many years as pilots in waters which included Long Island and Block Island Sounds. They may not be denied a license because they have less than a certain number of trips or because they derived less than a certain percentage of their income from pilotage in the confines of those waters.

Special Term, in dismissing the petitions, observed that the respondent board was chargeable with determining who is most qualified and refused to substitute its judgment for that of the board in its expertise in that field absent a showing of arbitrariness or abuse of discretion. However, while the respondent may determine petitioners' qualifications and may interpret the grandfather clause, the fact that it may have expertise in the former test, does not mean that it has expertise in the latter. We may not give respondent's interpretation of the words '' actively engaged, as a regular occupation '' any presumption of correctness. This is outside any expertise which respondent may have. Since, as we hold, respondent misapplied the law, we have power to correct the error. (See *Adams* v. *Flemming*, 173 F. Supp. 873, 877 [D. Vt., 1959].) The phrase '' actively engaged, as a regular occupation '' in the context of this clause includes all working regularly as Federally licensed pilots in waters encompassing the New York State subject waters. This interpretation is consistent with the legislative intent and with

the representations made by the sponsors of the legislation, including the respondent itself.

The record shows that none of the petitioners has been either passively or casually engaged in the piloting of vessels in the New York waters. Each of the petitioners has been actively engaged in such pilotage as a regular occupation and has derived income therefrom in not unsubstantial amounts.

Since petitioners are qualified under the plain meaning of the grandfather clause and respondent is required to license all pilots so qualified, respondent's denial of licenses to petitioners was arbitrary and capricious and its determination should be vacated.

The judgments entered in Supreme Court, New York County on September 13, 1972 (SCHWARTZ, J.) denying petitions to vacate respondent's determinations refusing to issue to petitioners New York State licenses to pilot vessels in Long Island and Block Island Sounds, should be reversed on the law, without costs, the petitions granted, and respondent directed to issue the requested license to each petitioner.

KUPFERMAN, LANE, STEUER and TILZER, JJ., concur.

Six judgments, Supreme Court, New York County, each entered on September 13, 1972, unanimously reversed, on the law, without costs and without disbursements, the petitions granted, and respondent directed to issue the requested license to each petitioner.